[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 23, 2003
THOMAS K. KAHN
CLERK

_____

No. 02-15846

_____

D. C. Docket No. 96-03247-CV-AJ

WILLIE MCGRIFF,

Petitioner-Appellant,

versus

DEPT. OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,
Charlie Crist,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 23, 2003)**

Before DUBINA, BLACK and HULL, Circuit Judges.

BLACK, Circuit Judge:

Appellant Willie McGriff, a prisoner of the State of Florida, appeals the district court's denial of his motion for habeas corpus relief filed pursuant to 28 U.S.C. § 2254, in which he claimed that he was ineffectively assisted by counsel at his trial for armed robbery and burglary. The district court conducted two evidentiary hearings to determine whether Appellant was entitled to habeas relief. At the first hearing, Appellant was improperly denied counsel. He was provided with counsel at the second hearing, but the district judge permitted the State to use statements made by Appellant at the first hearing to impeach him at the second hearing. Appellant claims this was error, and that statements he made while unrepresented at the first hearing should not have been used to impeach him at the second hearing.

## I.

Following a robbery at a used car dealership in June 1991, Appellant was arrested by the Miami Police Department and was charged with one count of theft of property. Appellant's appointed counsel, Lisa Lewis, an attorney with the Public Defender's Office, met with Appellant soon after his arraignment. Lewis was a relatively inexperienced public defender, but she was assisted by Henri Rauch, a senior member of the public defender staff. Lewis's first meeting with Appellant was brief, and she cannot recall if she discussed with Appellant his right

to testify in his defense at trial. Shortly thereafter, the State decided to increase the charges against Appellant, and amended the indictment to include one count of armed robbery and one count of burglary of a conveyance. Appellant claims he was not informed of the increased charges until the day of his trial.

On August 9, 1991, the State filed a demand for notice of alibi. Under Florida law, the defense must give notice at least ten days before trial if it plans to introduce an alibi defense. Appellant claims no one consulted him about an alibi. On September 6, 1991, the State filed notice of its intent to seek a habitual offender enhancement against Appellant. Appellant says he was not informed that this enhancement was a possibility.

Appellant's trial began on September 11, 1991. In a meeting just prior to the commencement of the trial, Appellant told Lewis and Rauch, who was trying the case, that he wanted to testify that he was at home babysitting on the day of the offense. Before this issue could be discussed, the bailiff called the parties to the courtroom. At one point during the Government's case-in-chief, Appellant claims he again told his attorneys he wanted to testify. Rauch allegedly told Appellant he could not testify because he had not been prepared.

The jury found Appellant guilty of both armed robbery and burglary. Appellant filed a state motion for postconviction relief on January 6, 1994,

3

alleging his attorneys advised him not to testify at trial. He did not, however, state any facts to support his allegations. The state court summarily denied Appellant's motion for relief.

On May 27, 1997, Appellant filed a petition for habeas corpus relief with the Southern District of Florida. In his petition, Appellant claimed his counsel was ineffective because he was not permitted to testify in his defense. Appellant moved for the appointment of counsel to assist him with his habeas claim. The magistrate judge found that Appellant's testimony would not have affected the outcome of his trial and recommended that his habeas petition be denied. The magistrate also recommended Appellant not receive appointed counsel. The district court adopted the magistrate's recommendations in part, but decided to hold an evidentiary hearing on Appellant's ineffective assistance of counsel claim. The district court did not appoint counsel for the hearing.

At the first evidentiary hearing, Appellant again requested the appointment of counsel. The court denied his request. Appellant testified at the hearing, as did Lewis, and on the basis of their testimony, the district court rejected Appellant's ineffective assistance claims. Appellant appealed, and on July 12, 2001, the district court certified to this Court that it erred by failing to appoint counsel to assist Appellant in the evidentiary hearing, citing Rule 8(c) of the Rules

4

Governing § 2254 Cases. We remanded the case to the district court. The court scheduled a second evidentiary hearing and appointed the Federal Public Defender to assist Appellant.

On June 6, 2002, Appellant moved to preclude the State's use of his testimony from the first evidentiary hearing to impeach him at the second hearing. The court ruled that Appellant's prior testimony could be used for impeachment purposes. The second evidentiary hearing took place on July 9, 2002. The State repeatedly used Appellant's prior testimony to impeach him. On the basis of all the evidence, the court concluded that Appellant's version of his counsel's conduct was not credible. The court found Appellant repeatedly changed his version of the events, contradicting himself and confusing the record. The court therefore determined Appellant's counsel's assistance was not deficient and denied Appellant's request for relief.

Appellant contends the district court erred by permitting Appellant's uncounseled statements from the first evidentiary hearing to be used to impeach him at the second evidentiary hearing. When reviewing habeas corpus cases, we review the district court's findings of fact for clear error and its legal conclusions de novo. *Robinson v. Moore*, 300 F.3d 1320, 1342 (11th Cir. 2002).

II.

Rule 8(c) of the Rules Governing Section 2254 Cases states:

> If an evidentiary hearing is required the judge shall appoint counsel for a petitioner who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g) and the hearing shall be conducted as promptly as practicable, having regard for the need of counsel for both parties for adequate time for investigation and preparation. These rules do not limit the appointment of counsel under 18 U.S.C. § 3006A at any stage of the case if the interest of justice so requires.[1]

The Rules Governing Section 2254 Cases were adopted by the United States Supreme Court on April 26, 1976, pursuant to the Rules Enabling Act, 28 U.S.C. § 2072. Congress ratified the Rules with minor amendments on July 8, 1976. *See* Pub. L. No. 94-426, § 2(5), 90 Stat. 1334 (1976).[2] The limited right to counsel for state habeas petitioners created by Rule 8(c) is therefore not a constitutional right (neither the Fifth or Sixth Amendment rights to counsel apply to habeas petitioners), nor is it a purely statutory right (Congress merely ratified the rule pursuant to its authority under the Rules Enabling Act). Rather, the Rule 8(c) right to counsel is a non-constitutional procedural right.

---

[1] The reference to § 3006A(g) appears to be an error in the text of the rule. Section 3006A(g) governs federal public defender organizations, not the criteria that must be satisfied to receive appointed counsel. Those criteria are found in 18 U.S.C. § 3006A(a). Rule 8(c) was proposed by the Supreme Court and slightly amended by Congress in 1976, and has been largely left alone since then. Section 3006A has endured numerous changes over the past 25 years. We suspect that at the time Rule 8(c) was enacted, § 3006A(g) referred to the section concerning the criteria that must be satisfied to receive appointed counsel. That section was subsequently moved to § 3006A(a). The apparent cross-referencing error has no effect on the case before us.

[2] The amendments added by Congress simply added a final sentence to Rule 8(c) which has no bearing on this case.

The importance of the right, however, must not be underestimated. We recently discussed the importance of Rule 8(c) of the Rules Governing Section 2255 Proceedings, a provision substantially identical to Rule 8(c) of the Rules Governing Section 2254 Cases. *Shepherd v. United States*, 253 F.3d 585 (11th Cir. 2001). In *Shepherd*, a federal prisoner filed a § 2255 petition alleging ineffective assistance of counsel at trial. The district court scheduled an evidentiary hearing to consider the petitioner's claim, but denied the petitioner's request for appointed counsel pursuant to Rule 8(c). *Id*. at 586. The court dismissed the petitioners § 2255 petition as frivolous. *Id*. at 587.

On appeal, the Government conceded that the petitioner was entitled to counsel under Rule 8(c) but contended that the district court's error was harmless. *Id*. We held that the statutory right to counsel created by Rule 8(c) is a mandatory right, and the district court was "obligated" to appoint counsel for the petitioner once it determined an evidentiary hearing was required to decide the case. *Id*. We also rejected the Government's harmless error argument, holding, "the failure to appoint counsel under Rule 8 of the Rules Governing § 2255 Motions is not subject to harmless error analysis." *Id*. at 588. We vacated the district court's order dismissing the petitioner's § 2255 motion and remanded the case for appointment of counsel and a new evidentiary hearing. *Id*.

7

Considering the substantial similarity between Rule 8(c) of the Rules Governing § 2255 Proceedings and Rule 8(c) of the Rules Governing § 2254 Cases, we see no reason not to apply the rule from *Shepherd* to the facts of this case. The district court's failure to appoint counsel for Appellant at the first evidentiary hearing was structural error, and Appellant was entitled to a new evidentiary hearing and the appointment of counsel. The district court recognized its error, and attempted to correct it by granting Appellant a new hearing and appointing counsel to represent him. This remedial action was appropriate and adequate under the rule from *Shepherd*.

The issue before us, however, is not whether the district court's rehearing of Appellant's petition was adequate, but rather whether the State's use of Appellant's statements from the first hearing to impeach his testimony at the second hearing was permissible. This is a novel question for this and every federal court. We have found no authority construing the admissibility of statements given in violation of a *non-constitutional procedural* right to counsel. By contrast, the law is well-established concerning the admissibility of statements given in violation of defendants' *constitutional* rights to counsel under the Fifth and Sixth Amendments. In the absence of direct controlling authority in the statutory right to counsel context, we look to the constitutional cases for guidance.

Before discussing the rights to counsel created by the Fifth and Sixth Amendments, it is important to note that we can only loosely analogize to these fundamental constitutional principles. As discussed *supra*, the right to counsel created by Rule 8(c) is not itself a constitutional right. Absent Rule 8(c), habeas petitioners such as Appellant would have no right to counsel at all. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993 (1987). By promulgating Rule 8(c), the Supreme Court was exercising its authority under the Rules Enabling Act to extend a right to counsel to habeas petitioners for whom the Constitution does not guarantee counsel. We therefore assume the Supreme Court intended the right created by Rule 8(c) to be no more substantial than the rights to counsel created by the Constitution. If the Supreme Court had intended a § 2254 petitioner to have a more substantial right to counsel than those provided by the Constitution, we would expect to see language to that effect in the text of the rule. We find no such language in Rule 8(c). We therefore turn to the Constitution not for authority, but instruction. If the Fifth and Sixth Amendments fail to protect a defendant from impeachment by statements taken in violation of his right to counsel, we would afford no greater protection to a petitioner proceeding under Rule 8(c).

The rights to counsel created by the Fifth and Sixth Amendments are significantly different. The Fifth Amendment right, explained and firmly established in *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966), is intended to operate prophylactically, to protect a defendant from making self-incriminating statements during his arrest or interrogation that might be used against him in the course of subsequent legal proceedings. *Id*. at 478-79, 86 S. Ct. at 1630. The Sixth Amendment right, on the other hand, is considered the most important of rights granted to criminal defendants by the Constitution, as it ensures that defendants receive the assistance of counsel during the critical stages of the legal process, such as evidentiary hearings and the trial itself. *Michigan v. Jackson*, 475 U.S. 625, 629-30, 106 S. Ct. 1404, 1407-08 (1986). Despite their differences, the two rights share a common characteristic: so long as they are voluntary, statements obtained in violation of a defendant's Fifth or Sixth Amendment right to counsel cannot be used in the prosecution's case-in-chief against the defendant, but may be used for impeachment purposes. *Michigan v. Harvey*, 494 U.S. 344, 351-52, 110 S. Ct. 1176, 1180-81 (1990) (Sixth

Amendment); *Harris v. New York*, 401 U.S. 222, 225-26, 91 S. Ct. 643, 645-46 (1971) (Fifth Amendment).[3]

We now must analogize the rule from *Harvey* and *Harris* to the procedural right to counsel created by Rule 8(c). There is no question that the statements used to impeach Appellant were obtained in violation of his Rule 8(c) right to counsel. There is also no question that the Government only used Appellant's prior statements to impeach him. The only question that remains is whether Appellant's statements were given voluntarily. If they were, the rule from *Harvey* and *Harris* instructs us that the statements could be used to impeach Appellant. If the statements were not given voluntarily, they could not be used by the State for *any* purposes, including impeachment.

The Supreme Court has held that a defendant's statement to authorities is voluntary if it is "the product of a rational intellect and a free will." *Mincey v. Arizona*, 437 U.S. 385, 398, 98 S. Ct. 2408, 2416 (1978) (quoting *Blackburn v. Alabama*, 361 U.S. 199, 208, 80 S. Ct. 274, 280) (1960)). This test is more helpful in concept than in application, so to decide whether Appellant's statements were

---

[3]As this is the question before us, we do not need to decide whether the statutory right to counsel created by Rule 8(c) is more analogous to the Fifth or Sixth Amendment right to counsel. The result would be the same regardless of which rule we look to for guidance.

given voluntarily, we must look at the facts of cases applying the *Mincey/Blackburn* test.

In *Mincey*, the Supreme Court concluded that a defendant's statements were not voluntarily given where a police officer interrogated him in the hospital while he was under the influence of drugs and in severe pain, after the defendant repeatedly requested an attorney. 437 U.S. at 401, 98 S. Ct. at 2418. By contrast, the Court in *Harvey* concluded the defendant's statements were voluntarily given where the defendant asked to make a statement, asked if he needed an attorney, was told his attorney did not need to be present, and signed a waiver of his right to counsel. 494 U.S. at 346, 353-54, 110 S. Ct. at 1178, 1182. While neither of these situations is exactly like ours, we are much closer to *Harvey* than we are to *Mincey*. Appellant's first evidentiary hearing was held pursuant to his § 2254 habeas petition challenging the adequacy of his representation at trial. Appellant, not the State, initiated the factfinding process. No one compelled Appellant to make his statements at the hearing; indeed, he was not required to file the habeas petition in the first place.[4]

---

[4]This is not to suggest that a habeas petitioner could *never* be affirmatively coerced into giving an involuntary statement. We simply find no evidence of affirmative coercion on the facts of this case.

Most of the cases in which courts have found that a statement was given involuntarily involve affirmative coercion, even physical abuse, on the part of the interrogator. *See, e.g.*, *Mincey*, 437 U.S. at 401, 98 S. Ct. at 2418; *Townsend v. Sain*, 372 U.S. 293, 83 S. Ct. 745, 761-62 (1963), overruled on other grounds, *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 112 S. Ct. 1715 (1992) (questioning the voluntariness of a defendant's confession where the police had injected him with a powerful narcotic having the properties of a "truth serum" moments before his confession); *Brown v. Mississippi*, 297 U.S. 278, 287, 56 S. Ct. 461, 465-66 (1936) (questioning the voluntariness of a defendant's confession where the police officer interrogating him repeatedly whipped him and threatened to continue whipping him until he confessed). *Cf. Grayson v. Thompson*, 257 F.3d 1194, 1230 (11th Cir. 2001) (finding statements were given voluntarily despite the defendant's intoxication); *Miller v. Dugger*, 838 F. 2d 1530, 1538 (11th Cir. 1988) (finding defendant's statements to be voluntary even though defendant was clinically insane when he gave them). Appellant may have been misinformed concerning his right to representation at the first evidentiary hearing, but the record reveals no evidence that he was affirmatively coerced into making his statements.[5]

---

[5]Furthermore, we do not upset district court determinations that a defendant's statements were given voluntarily unless they are clearly erroneous. *United States v. Beck*, 729 F.2d 1329, 1333 (11th Cir. 1984).

Appellant's statements at the first evidentiary hearing were given in violation of his non-constitutional procedural right to counsel under Rule 8(c), but they were given voluntarily. The district court, recognizing the limits of the statements' admissibility, properly permitted the State to use the statements for impeachment purposes at the second evidentiary hearing.

## III.

Following the second evidentiary hearing, the district court denied Appellant's § 2254 petition. Because Appellant changed his version of what happened at trial several times, the court discredited his testimony and found no evidence supporting his contention that his trial counsel improperly prevented him from testifying in his own defense. Appellant contends this finding was clearly erroneous.

The law is well-established in this Circuit that a criminal defendant has a fundamental constitutional right to testify in his own defense. *United States v. Teague*, 953 F.2d 1525, 1532 (11th Cir. 1992) (en banc).[6] In *Teague*, we specifically delineated the duties of a trial counsel with respect to a defendant's

---

[6]*Teague* governs our determination of whether Appellant's right to testify was violated at his trial even though the trial predated the decision. *Nichols v. Butler*, 953 F.2d 1550, 1552-53 (11th Cir. 1992) (en banc) (applying *Teague* to grant habeas relief for a violation of the right to testify at a trial that predated *Teague*).

right to testify. Counsel must advise the defendant (1) of his right to testify or not testify; (2) of the strategic implications of each choice; and (3) that it is ultimately for the defendant himself to decide whether to testify. *Id*. at 1533. Absent such advice, the defendant cannot effectively waive his right to testify. *Id*.

At the second evidentiary hearing, Ms. Lewis, Appellant's trial counsel, testified that she understood at the time of Appellant's trial that the decision to testify was reserved for the defendant. She also testified that her ordinary practice was to advise her clients as to the consequences of testifying, and she never prevented clients from taking the stand. The court found "it is more likely than not that Ms. Lewis followed her normal practice with Mr. McGriff and that Mr. McGriff was advised of his fundamental right to testify (and the pros and cons of the decision) no later than the meeting prior to jury selection." *McGriff v. Dep't of Corrs.*, No. 96-3247-CIV, slip op. at 7 (S.D. Fla. Oct. 9, 2002). Absent evidence of clear error, we consider ourselves bound by a district court's findings of fact and credibility determinations. *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988). We find no clear error in this case, and we therefore affirm the district court's dismissal of Appellant's § 2254 petition.

AFFIRMED.