[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-10677
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 04, 2007
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 04-20895-CV-KMM
01-00456 CR-KMM

THOMAS REYNOLDS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 4, 2007)

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

In his motion to the district court, Petitioner sought relief from his conviction and sentence under 28 U.S.C. § 2255 on the ground that his counsel was ineffective in failing to inform and advise him of his right to testify. The court denied his motion. He now appeals.

In reviewing claims of ineffective assistance of counsel, we review factual findings and credibility determinations for clear error and application of these facts de novo. McGriff v. Dep't of Corr., 338 F.3d 1231, 1238 (11th Cir. 2003); United States. v. Teague, 953 F.2d 1525, 1534-35 (11th Cir. 1992). A criminal defendant has a fundamental constitutional right to testify on his own behalf at trial that cannot be waived by defense counsel. Teague, 953 F.2d at 1532. To determine if counsel's conduct led to the denial of this right, we apply an ineffective-assistance-of-counsel analysis. Id. at 1534. To prove ineffective assistance of counsel, a defendant must show (1) that counsel's performance was constitutionally deficient, and (2) that he was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). For counsel to be effective in the context presented here, counsel "must advise the defendant (1) of his right to testify or not testify; (2) of the strategic implications of each choice; and (3) that it is ultimately for the defendant himself to decide whether to testify." McGriff, 338 F.3d at 1237. There is a "strong presumption in favor of competence, and the

petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." Chandler v. United States, 218 F.3d 1305, 1314-16 (11th Cir. 2000). When the trial counsel is experienced, the presumption of competence is even higher. Id.

Here, the district court did not err in finding that Petitioner failed to show that his counsel's performance was constitutionally deficient. First, the court did not clearly err in finding that his attorney provided credible testimony that she was an experienced trial attorney whose "general practice" was to appraise defendants of their right to testify, to advise them whether to testify, and to allow them to make the ultimate decision. Furthermore, the court did not clearly err in finding that counsel "probably" appraised Petitioner of his rights and did so at a break in the proceedings before his counsel rested his case. Based on these findings of fact, we conclude that the court did not err in finding that Petitioner failed to meet his heavy burden of showing that his counsel's performance was constitutionally deficient. See Chandler, 218 F.3d at 1316 (discussing burden of proof); Teague, 953 F.2d at 1527-28, 1535 (holding that when counsel testified that it was her "normal practice" to discuss the right to testify and that she "probably" had explained this right to the defendant, the district court did not err in finding that defendant failed to show ineffectiveness of counsel); McGriff, 338 F.3d at 1237-38

3

(holding that when counsel states it was her "ordinary practice" to advise clients of the right to testify, the court does not clearly err in finding it "more likely that not" that counsel had advised the defendant).  Because he failed to satisfy his burden of proof for the first prong of <u>Strickland</u>, we need not address the second prong, prejudice.  <u>See</u> <u>Teague</u>, 953 F.2d at 1535; <u>McGriff</u>, 338 F.3d at 1237-38.

AFFIRMED.