[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 12-13630 ; 13-10751
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cr-00069-MTT-CHW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus


JOHN F. WILLIAMS,

Defendant-Appellant.


_____

Appeals from the United States District Court
for the Middle District of Georgia
_____

(July 10, 2014)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

John Williams appeals his convictions for one count of extortion under color of official right, in violation of 18 U.S.C. § 1951(a), one count of false statement to a federal agency, in violation of 18 U.S.C. § 1001, and one count of tampering with a witness, in violation of 18 U.S.C. § 1512(b)(3). On appeal, he first argues that the district court erred in refusing to give an entrapment defense instruction. Second, he argues that the district court erred in refusing to compel the government to disclose certain confidential information about a confidential informant, Naim Jaber. Third, he argues that there was insufficient evidence to support his conviction of making a false statement to a federal agency because his statements were not material. Finally, he argues that there was insufficient evidence to support his conviction for witness tampering.

## A.  Entrapment Defense

We review a district court's refusal to give a particular jury instruction for abuse of discretion. *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006). "The failure of the district court to give a particular jury instruction is reversible error where the requested instruction (1) was correct, (2) was not substantially covered by the charge actually given, and (3) dealt with some point in the trial so important that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense. *Id.* at 947-48.

2

The elements of an entrapment claim are: (1) government inducement of the crime and (2) the defendant's lack of predisposition to commit the crime before the inducement. *United States v. Ryan*, 289 F.3d 1339, 1343 (11th Cir. 2002).   The right to present the defense is conditional. *Id.* at 1343.   We review the determination of whether a sufficient evidentiary foundation exists in the record that could support a jury's acceptance of an entrapment defense for abuse of discretion. *Id.*   The defendant bears the initial burden of production with respect to government inducement, which he meets by "producing any evidence sufficient to raise a jury issue that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it." *Id.* at 1343-44.   Although the defendant's burden is light, he must show that the government did more than offer him an opportunity or initiate contact with him. *Id.* at 1344.   Government inducement requires an element of "persuasion or mild coercion." *Id.*   If the defendant meets his initial burden, then the question of entrapment becomes a factual one for the jury, and the defendant is entitled to have his defensive theory put before the jury with appropriate instructions from the trial judge. *Id.*

Williams fails to present evidence that the government induced him, through persuasion or coercion, to commit the offenses of extortion under the color of official right, false statement to a federal agency, and witness tampering.

Moreover, the record indicates that Williams was predisposed to commit the crimes.  Therefore, he did not meet his burden of production, and the district court did not err in refusing to give an entrapment defense instruction.  Accordingly, we affirm with respect to this issue.

## B.  Refusal to Compel Disclosure of Certain Information Regarding Naim Jaber

An alleged *Brady*[1] violation is reviewed *de novo*.  *United States v. Schlei*, 122 F.3d 944, 989 (11th Cir. 1997).   The government must produce all evidence, upon request, that is favorable to the accused.  *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963).  The defendant must demonstrate that the item in question is material to the preparation of his defense.  *United States v. Jordan*, 316 F.3d 1215, 1250 (11th Cir. 2003).  Thus, the Supreme Court has indicated that "[t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense."  *United States v. Agurs*, 427 U.S. 97, 109-10, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 (1976).  Evidence is material if there is a reasonable probability that a different result would have occurred had the evidence been disclosed.  *Kyles v. Whitley*, 514 U.S. 419, 433, 115 S.Ct. 1555, 1565, 131 L.Ed.2d 490 (1995). The government must disclose impeachment evidence that might be helpful in conducting cross-examination because "[t]he

---

[1]    *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as possible interest of the witness in testifying falsely that a defendant's life or liberty may depend." *Napue v. Illinois*, 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959).

The district court did not err in refusing to compel discovery of certain information about the FBI's confidential informant, Jaber. The district court made an in-camera review of the sealed material concerning the confidential informant's history of service to the FBI. "Requiring materials sought for discovery to be submitted to the court for an [i]n-camera inspection is a practice that is both reasonable and protective of the defendant's rights." *United States v. Buckley*, 586 F.2d 498, 506 (5th Cir. 1978).[2] In situations where the request involves materials the disclosure of which is arguably not in the public interest, this Court has sanctioned the use of in camera inspections to resolve the conflicting demands of the defendant and the government. *Id.* at 506.

It is important to note that the district court ordered the disclosure of a significant amount of relevant information about Jaber, including: (1) Jaber's status as a confidential informant; (2) Jaber's ongoing relationship with the FBI; (3) the

---

[2]    In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

fact that Jaber applied each year for "significant public benefit parole" to remain in the country because of his work as a confidential source; and (4) the government's payment of a fee to obtain this status for Jaber.   Furthermore, the district court compelled the government to produce the most recent documents submitted to immigration on behalf of Jaber. Williams could use all of this information to call into question Jaber's credibility. [3]  It is clear from the record that further details of Jaber's previous work as a confidential informant would not constitute material evidence favorable to him.  Furthermore, although Williams argues that information regarding Jaber's employment authorization was not disclosed, an FBI agent testified that Jaber's "significant public benefit parole" could include an employment authorization card.  Based on these considerations, the district court did not err in its discovery rulings.  Accordingly, we affirm with respect to this issue.

## C.  Sufficiency of the Evidence for Offense of Making a False Statement to a Federal Agency

We review the sufficiency of the evidence *de novo*.  *United States v. Maxwell,* 579 F.3d 1282, 1299 (11th Cir. 2009).  In determining whether there is sufficient evidence to support a conviction, we view the evidence in the light most favorable to the government and makes all reasonable inferences and credibility

---

[3]     Williams's motion to unseal the ex parte chambers conference in the district court is DENIED.

choices in favor of the government.  *United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011).  We then "determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt."  *Id.*

To sustain a conviction against a defendant for a violation of 18 U.S.C. § 1001, the government must prove: "(1) that the defendant made a false statement; (2) that the statement was material; (3) that the defendant acted with specific intent to mislead; and (4) that the matter was within the purview of a federal government agency."  *United States v. McCarrick*, 294 F.3d 1286, 1290 (11th Cir. 2002).  A false statement is material if it has "a natural tendency to influence, or be capable of influencing, the decision of the decisionmaking body to which it was addressed. *United States v. House*, 684 F.3d 1173, 1203 (11th Cir.), *cert denied* 133 S.Ct. 1633 (2013).  Actual influence is not required.  *Id.*

The evidence demonstrates that the FBI was investigating a transaction. Williams made statements to the FBI that Jaber was not involved in the transaction at issue, and that Williams did not receive compensation for the transaction, and these statements proved to be untrue.  Based on this evidence, Williams's statement were material in that they were capable of influencing the FBI as it conducted its investigation.  Therefore, there was sufficient evidence to support Williams's conviction.  Accordingly, we affirm with respect to this issue.

**D.  Witness Tampering**

7

In relevant part, 18 U.S.C. §1512(b)(3) makes it a crime to "knowingly use[] intimidation, threaten[], or corruptly persuade[] another person, or attempt[] to do so, or engage[] in misleading conduct toward another person, with intent to…hinder, delay or prevent the communication" of information to a federal official.  18 U.S.C. §1512(b)(3); *United States v. Ronda*, 455 F.3d 1273, 1284 (11th Cir. 2006).

The evidence showed that Williams was called into the FBI in the course of their investigation and questioned about a transaction involving a truck.  Shortly after being questioned, Williams tried to persuade Jaber not to discuss his involvement in the transaction with the FBI.  Furthermore, he tried to mislead Jaber into believing that they did not do anything wrong.  In light of Williams's acknowledgement that receiving compensation for the transaction would get him in trouble and his lies to the FBI, a reasonable jury could conclude that Williams was trying to persuade Jaber with the intent to hinder the investigation, and that he was guilty of witness tampering.  Accordingly, we affirm with respect to this issue.

**AFFIRMED.**

8