[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13201
Non-Argument Calendar
_____

D.C. Docket Nos. 0:13-cv-60846-JAG
                 0:07-cr-60259-JAG-1

JEAN RICHARD G. PAUL,

                                              Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                              Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 25, 2015)

Before MARCUS, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

The issue presented is whether Appellant Jean Richard G. Paul's Sixth Amendment right to effective counsel was denied at trial.  Specifically, Paul argues that his conviction below must be vacated because his counsel violated his right to testify and acted incompetently in not proffering his testimony.  Paul filed a 28 U.S.C. § 2255 motion to vacate based on these grounds.  The district court denied the motion without holding an evidentiary hearing but granted Paul a Certificate of Appealability (COA).  On appeal, Paul seeks to reverse the district court's decision.  Alternatively, he requests an order requiring an evidentiary hearing.  Because the record shows that his counsel's performance was not deficient, Paul's Sixth Amendment right to effective counsel was not violated, and the district court properly forwent an evidentiary hearing.  Accordingly, we affirm.

## I.    BACKGROUND

In October 2007, law enforcement found approximately 14 kilograms of cocaine and 65 grams of crack cocaine in a storage unit Paul owned.  Law enforcement also discovered $189,000 of United States currency in the unit, as well as an additional $40,691 in Paul's residence.  Paul was indicted for possession with intent to distribute more than five kilograms of cocaine then released on conditional bond, requiring him to remain within the Southern District of Florida.  Shortly thereafter, Paul fled the United States.  Eventually, authorities arrested him for violating conditions of his pretrial release.

2

At trial, the district court informed Paul he had a right to testify and the decision to testify rested with him. Paul communicated to the court that he understood this right. Following this exchange, Paul testified. His testimony revealed that: he was aware he was not authorized to leave the country while on conditional bond; he used more than one name and had a prior conviction for giving a false name; he possessed multiple Social Security numbers and driver's licenses; and he used two different dates of birth. Paul also testified that he fled the country because he was being threatened by a Haitian gang. However, Paul did not know the names of the people threatening him and never informed law enforcement or his attorney of the threats. During closing argument, the prosecution relied on Paul's testimony to attack his credibility.

The trial resulted in a mistrial, and a second trial commenced on March 30, 2009. At the second trial, Paul did not testify. Prior to resting, the defense informed the district court that Paul would testify, but after a recess, the defense decided not to move forward with Paul's testimony. The district court and Paul then engaged in a colloquy regarding his right to testify. The court explained Paul's right to testify, and Paul again communicated that he understood this right. Paul also told the court that he discussed whether to testify with his counsel, and he wished to follow his counsel's advice to forego testifying. After a short conference with his counsel, Paul reiterated his desire to remain silent.

3

Ultimately, the jury found Paul guilty of two counts of possession with intent to distribute.  After a failed motion for a new trial, Paul filed his § 2255 motion to vacate.  The district court did not afford Paul an evidentiary hearing and denied the motion.  This appeal followed.

The district court granted a COA on Paul's claim for ineffective assistance of counsel regarding the decision to testify at trial.  Paul raises three issues related to this claim: (1) whether his counsel violated his right to testify; (2) whether the decision to forego his testimony was unreasonable; and (3) whether the district court properly denied him an evidentiary hearing.

## II.    STANDARD OF REVIEW

In considering an ineffective assistance of counsel claim, "we review legal conclusions de novo and factual findings for clear error."  *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014).  "Ineffective assistance of counsel claims are mixed questions of law and fact that are reviewed de novo."  *Id.*  We only review issues specified in the COA.  *Murray v. United States*, 145 F.3d 1249, 1250–51 (11th Cir. 1998) (per curiam).

## III.    DISCUSSION

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063 (1984).  The "benchmark" for judging a claim of ineffective assistance

4

of counsel is whether counsel's performance "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.*, 104 S. Ct. at 2064.  To make such a showing, a defendant must prove that "counsel's performance was deficient" and the "deficient performance prejudiced the defense." *Id.* at 687, 104 S. Ct. at 2064. "[A] court need not address both prongs if the defendant has made an insufficient showing on one." *Osley*, 751 F.3d at 1222.

   A. *Paul's Right to Testify Was Not Violated.*

Paul asserts that his counsel violated his right to testify. This claim is analyzed under *Strickland*.  *See United States v. Teague*, 953 F.2d 1525, 1534 (11th Cir. 1992) (en banc).  In this context, performance is deficient if counsel: (1) does not inform the defendant of his right to testify or that the ultimate decision belongs to him; (2) does not advise defendant of the strategic implications of each choice; or (3) refuses to accept the defendant's decision to testify and does not call him to the stand.  *See id.* at 1533–34; *McGriff v. Dep't of Corr.*, 338 F.3d 1231, 1237 (11th Cir. 2003).  Paul argues that each of these deficiencies is present. However, we are unconvinced.

First, at both trials, the district court informed Paul of his right to testify and that the final decision to testify rested with him.

Second, Paul stated to the district court that he discussed with his counsel whether he should testify and decided to follow his counsel's strategic advice. Following this exchange, Paul again conferred with his counsel before formally concluding he would remain silent. Furthermore, Paul had the benefit of having already testified in the first trial and witnessing the strategic implications of his decision to testify.

Finally, Paul explicitly told the district court that he believed it was in his best interest not to testify and he wished to remain silent. Paul has made no claims suggesting he arrived at this conclusion because of coercion by his counsel. *See Lambrix v. Singletary*, 72 F.3d 1500, 1508 (11th Cir. 1996) ("Without evidence that [the defendant] was subject to continued coercion, we cannot assume that [the defendant's] apparent acquiescence to a trial strategy in which he did not testify was anything but voluntary."). Thus, Paul was not overborne by his counsel. *See Teague*, 953 F.2d at 1535 (affirming that defendant's right to testify was not violated where "[d]efendant was advised of his right to testify, was advised that he should not exercise that right, and did not protest" (internal quotation marks omitted)).

Paul has not demonstrated that his counsel acted deficiently with respect to his right to testify. Therefore, this right was not violated.

6

*B. The Decision to Not Proffer Paul's Testimony Was Reasonable.*

Paul also claims that his counsel's decision to forego his testimony amounted to deficient performance under *Strickland.* "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." *Putman v. Head*, 268 F.3d 1223, 1243 (11th Cir. 2001) (citing *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066). Courts must be highly deferential in reviewing counsel's performance, utilizing the strong presumption that the performance was reasonable. *Id*. For conduct to be unreasonable, the defendant "must establish that no competent counsel would have taken the action that his counsel did take." *Id.* at 1244 (internal quotation marks omitted). Thus, counsel is competent so long as the particular approach taken "'might be considered sound trial strategy.'" *Id.* at 1243 (quoting *Darden v. Wainwright*, 477 U.S. 168, 186, 106 S. Ct. 2464, 2474 (1986)).

Paul asserts that his counsel's decision not to offer his testimony was deficient because, in the first trial, his testimony provided an explanation for his decision to flee the country. Paul believes this explanation was critical to rebutting the prosecution's claims that Paul's decision to leave the country signaled his guilt. But, inconsistencies undermined Paul's stated justification for fleeing the country. Moreover, Paul's testimony informed the jury of his prior conviction and of

7

behavior suggesting he was evading authorities. Hence, the first trial demonstrated that Paul's testimony presented legitimate risks, yet offered uncertain benefits.

In light of these circumstances, we do not accept "that no competent counsel would have taken the action that his counsel did take." *See id.* at 1244 (internal quotation marks omitted). As a result, Paul has failed to show his counsel's strategic decision was deficient, and he has not proven ineffective assistance of counsel.

### C. The District Court Properly Denied Paul an Evidentiary Hearing.

When presented with a motion for habeas relief, a federal court must consider whether an evidentiary hearing "could enable the defendant to prove the motion's factual allegations, which, if true, would entitle the defendant to relief." *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 1940 (2007). "[I]f the record refutes the [defendant's] factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* As discussed above, the record shows that Paul's right to testify was not violated, and the decision to forego testimony was reasonable in light of the circumstances. Therefore, the record precludes habeas relief, and the district court's decision to not hold an evidentiary hearing was proper.

## IV.    CONCLUSION

For these reasons, we hold that Paul's Sixth Amendment right to effective

counsel was not denied and the district court properly forwent an evidentiary hearing.

**AFFIRMED.**