[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14475
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cr-00069-MTT-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN F. WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(January 6, 2020)

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

John Williams, a former Warner Robins City Councilman, was indicted in 2011 on three counts relating to his ultimately unsuccessful attempt to sell a truck to the City of Warner Robins and earn a commission in the process. The counts included unlawfully obtaining a commission for the sale of a vehicle in violation of 18 U.S.C. § 1951(a); making a materially false statement to the Federal Bureau of Investigation in violation of 18 U.S.C. § 1001; and attempting to tamper with a witness in violation of 18 U.S.C. § 1512(b)(3). Williams was convicted of all three counts in 2012. He appealed his conviction on several grounds, including whether he was entrapped to commit the offenses, whether the district court incorrectly decided a discovery issue, and whether the evidence was sufficient to convict him of the latter two offenses. We affirmed on all grounds. See generally United States v. Williams, 571 F. App'x 887 (11th Cir. 2014).

Subsequently, Williams filed a petition for writ of error *coram nobis* to set aside his convictions. He alleged that his trial counsel, Christina Hunt, provided him ineffective assistance of counsel and raised three issues under the Fifth, Sixth, and Fourteenth Amendments. The magistrate judge in this case held an evidentiary hearing on Williams's ineffective assistance of counsel claim, at which Williams, Hunt, and Williams's son testified. The magistrate judge recommended that

2

Williams's petition be denied.  Williams objected to the magistrate's conclusions, but the district court overruled those objections, adopted the magistrate's recommendation, and denied Williams's petition.  Williams timely appealed to us.

He ostensibly raises two issues on appeal: (1) that his trial counsel rendered him deficient performance and that (2) this deficient performance prejudiced him.  But because those two "issues" are the two prongs of the Supreme Court's test for ineffective assistance of counsel as articulated in Strickland v. Washington, 466 U.S. 668 (1984), we conceptualize these *two* "issues" as just *one*—whether Williams received ineffective assistance of counsel.  Because we determine that Williams fails to establish deficiency, the first prong of Strickland, we need not reach the issue of prejudice and therefore affirm the district court's denial of the writ of error *coram nobis*.

We review for an abuse of discretion a district court's denial of a petition for a writ of error *coram nobis*.  Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000).  We review the district court's legal conclusions *de novo*; an error of law constitutes *per se* abuse of discretion.  See id.  A district court's findings of fact in a coram nobis proceeding must be upheld unless clearly erroneous.  See AEY, Inc. v. United States, 803 F.3d 1258, 1262 (11th Cir. 2015); see also United States v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001) ("A district court's determination of legal issues in coram nobis proceedings is reviewed de novo.  The

3

district court's findings of fact, however, must be upheld unless clearly erroneous.").

As a usual matter, federal courts have the authority to issue a writ of error *coram nobis* under 28 U.S.C. § 1651(a) only when a "petitioner is no longer in federal custody."[1] United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000); Correa-Negron v. United States, 473 F.2d 684, 685 (5th Cir. 1973). We note as an initial matter that "[t]he bar for coram nobis relief is high." Alikhani, 200 F.3d at 734. The Supreme Court has noted that "it is difficult to conceive of a situation in a federal criminal case today where a writ of *coram nobis* would be necessary or appropriate." Carlisle v. United States, 517 U.S. 416, 429 (1996) (quoting United States v. Smith, 331 U.S. 469, 475 n.4 (1947) (alteration omitted)). We have held that the writ may issue only when (1) "there is and was no other available avenue of relief" and (2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." Alikhani, 200 F.3d at 734 (quotation omitted).

Though we have not frequently had occasion to develop our caselaw on when a writ of *coram nobis* is properly issued, we have noted in the past that an

---

[1] Williams' petition pursuant to 28 U.S.C. § 2255 was dismissed because he had already been released from custody.

appropriate writ usually encompasses issues *other* than those that could be raised in pretrial motions, direct appeals, or *habeas* petitions. See, e.g., id. at 734; Mills, 221 F.3d at 1203–06; Lowery v. United States, 956 F.2d 227, 228–29 (11th Cir. 1992). In other words, *coram nobis* relief is only available where "no statutory remedy is available or adequate." United States v. Russell, 776 F.2d 955, 957 n.1 (11th Cir. 1985).

We held in Moody v. United States that a writ of error *coram nobis* may be issued "to remedy certain violations" of the Sixth Amendment, like where the petitioner "was not advised of his constitutional rights" or where trial counsel was ineffective. 874 F.2d 1575, 1577–78 (11th Cir. 1989) (citing United States v. Mayer, 346 U.S. 502, 511–12 (1954)). However, the petitioner must make a showing that sound reasons exist for failing to seek appropriate earlier relief. Id. at 1577–78.

To succeed on a claim of ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced him. Strickland, 466 U.S. at 687. Failure to establish either prong is fatal and makes it unnecessary to consider the other. Id. at 697. Deficient performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. There is a strong presumption that counsel "rendered

5

adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

It is well-established, of course, that a criminal defendant has a constitutional right to testify in his defense at trial. United States v. Teague, 953 F.2d 1525, 1532 (11th Cir. 1992) (en banc). This cannot be waived by defense counsel and, although counsel must advise the defendant of this right to testify or not testify, the choice of whether to testify is ultimately his to make. McGriff v. Dep't of Corr., 338 F.3d 1231, 1237 (11th Cir. 2003).

"A claim of ineffective assistance of counsel is the proper framework to analyze defendant's allegation that his attorney has violated his right to testify." Gallego v. United States, 174 F.3d 1196, 1197 (11th Cir. 1999). In this context, ineffective assistance occurs when "counsel refused to accept the defendant's decision to testify and refused to call him to the stand, or where defense counsel never informed the defendant of the right to testify." Id.

In his attempt to swim upstream against powerful currents—the "high" bar for issuing a writ of *coram nobis* in the first place and our deferential standard of review—Williams fails to assert a viable claim. Under Strickland's two-prong test, he fails at the first stop because he has failed to prove that Williams's counsel was deficient. In the court below, the magistrate judge held an evidentiary hearing and found that Christina Hunt, Williams's trial counsel, had informed Williams of his

6

right to testify and had not prevented him from testifying.  The district court adopted that finding.  We cannot conclude that doing so was clearly erroneous.

After reviewing partially conflicting testimony, and crediting Hunt's testimony over Williams's, the magistrate judge concluded that Williams "was informed of his right to testify."  Hunt testified that she had repeatedly informed Williams of his right to testify, as was her "ordinary practice," and at no point did she *prevent* him from testifying—though she did strongly advise him not to do so out of a reasonable fear that the prosecution would use it to their advantage.  The magistrate cited Hunt's decades of experience as a criminal defense lawyer, as well as her testimony that it was her "ordinary practice" to advise clients of their right to testify, in crediting her testimony over Williams's and arriving at its conclusion.

As we have held repeatedly, the credibility of witnesses, like Hunt, "is in the province of the factfinder and [we] will not ordinarily review the factfinder's determination of credibility."  United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994).  Here, we find our opinion in United States v. Teague instructive.  In Teague, the defendant's trial counsel testified that it was her "normal practice to discuss with her clients whether they would testify and that she *probably* explained to Teague at this time" his right to testify.  953 F.2d 1525, 1527–28 (11th Cir. 1992) (emphasis added).  After crediting this testimony, the district court

concluded that the defendant was "advised of his right to testify." Id. at 1535. We found no clear error in that determination. Id.

Here, the facts are even less friendly to Williams than the defendant in Teague. Hunt testified that not only was it her "ordinary practice" to advise her clients of their right to testify, but that she *actually* did so on numerous occasions. We cannot conclude that the district court's decision to credit Hunt's testimony over Williams's—which included the incredible claim that Hunt physically kept Williams from standing at one point—was clearly erroneous.

Ultimately, because we conclude that Hunt did not render Williams ineffective counsel, we need not reach the second prong of the Strickland analysis, that is, whether Williams was prejudiced. We affirm as to this issue and therefore do not reach the second prong of Strickland.   The district court's decision is

**AFFIRMED.**